UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DUDENHOEFFER, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> FIFTH THIRD BANCORP, *et al.*, <br><br> Defendants | Civil Action No. 1:08-CV-538-SSB |

## FINAL APPROVAL ORDER AND JUDGMENT

This Action came for hearing on _____ to determine the fairness of the proposed settlement (the "Settlement") presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by Named Plaintiffs and Defendants.

    1.    The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

1

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All Persons (excluding Defendants and their Immediate Family Members) who were participants in or beneficiaries (including alternate payees) of the Plan at any time between July 19, 2007 to January 15, 2016, and whose Plan account included investments in Fifth Third Stock.

3. The Court hereby appoints Plaintiffs John Dudenhoeffer and Alireza Partovipanah as class representatives for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP and Gainey McKenna & Egleston as Class Counsel for the Settlement Class.

4. The Court finds for the sole purpose of settling and resolving the Action that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the Settlement Class is so numerous that it is impractical to bring all Settlement Class Members before the Court individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the Settlement Class present common questions of law or fact, including:

>> (i) Whether the Defendants breached fiduciary obligations to the Plan and participants by causing the Plan to offer the Fifth Third Stock Fund as an investment option for the Plan;

>> (ii) Whether certain Defendants breached fiduciary obligations to the Plan and its participants by failing to monitor other Defendants; and

        (iii)    Whether the alleged breaches of fiduciary duty by the Defendants caused the Plan and its participants and beneficiaries to suffer losses.

    (c)    The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the class representatives arise from the same alleged course of conduct that gives rise to the claims of the Settlement Class, and the class representatives' claims are based on the same legal theory as those of the Settlement Class. Plaintiffs allege that they were Plan participants during the Class Period with Plan accounts that included investments in the Company Stock Fund, that the Plan's fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, for purposes of the Settlement only, and subject to the foregoing, the claims asserted by Plaintiffs are sufficiently typical of the claims asserted by the Settlement Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

    (d)    The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. For the purposes of this Settlement, the Court finds that Plaintiffs have no conflicting interests with absent members of the Settlement Class.

    (e)    The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the Plan-representative nature of Plaintiffs' breach of fiduciary duty claims where the allegations and all claims in the Action were pursued on behalf of the Plan as a whole, for all losses to the entirety of the Plan (with individual members of the Settlement Class to receive an allocation from the Plan recovery), the Action presents a paradigmatic example of a case where adjudications of the claims of individual class members would be dispositive of the interests of the other members who are not parties to the individual adjudications. There is a risk that

prosecution of separate actions by individual members of the Settlement Class would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests. There is also a risk of inconsistent dispositions that might prejudice the Defendants. This case is thus appropriate for class certification, for the purposes of this Settlement, under FED. R. CIV. P. 23(b)(1).

    (f) The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Class Counsel will fairly and adequately represent the interests of the Settlement Class. Class Counsel have done the work necessary to identify or investigate potential claims in the Action, to investigate the allegations made in the Complaint, including interviewing witnesses, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, consulting with experts, and representing the Settlement Class's interests during the litigation, including during the appeal of this Action to the Court of Appeals for the Sixth Circuit and the Supreme Court of the United States. Class Counsel have substantial experience in handling class actions and claims of the type asserted in this Action. Class Counsel have also demonstrated extensive knowledge of the applicable law. The Court concludes that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

    (g) The Settlement Class has received proper and adequate notice of the Settlement Agreement, the Final Approval Hearing, Class Counsel's application for attorneys' fees and litigation costs and for a Case Contribution Award to the Named Plaintiffs, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included both individual notice to all members of the Settlement Class who could be identified through reasonable efforts and publication notice, as well as notice through a

dedicated Settlement website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

5. The Court hereby approves the Settlement Agreement and hereby Orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds that:

(a) The Settlement was negotiated vigorously and at arm's-length by counsel for the Defendants, on the one hand, and the Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) This Action settled after this Court dismissed Plaintiffs' complaint, the Court of Appeals for the Sixth Circuit reversed the decision, and upon appeal to the Supreme Court of the United States, the Supreme Court vacated and remanded the Action to the Sixth Circuit for further procedings.

(c) The Settlement was reached following arm's-length negotiations by counsel under the auspices of the Settling Mediator, all of whom were thoroughly familiar with this litigation. Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action;

(d) If the Settlement had not been achieved, Plaintiffs and the Defendants faced the expense, risk, and uncertainty of extended litigation;

5

(e) The amount of the Settlement – six million dollars ($6,000,000.00) plus non-monetary relief valued at $_____is fair, reasonable, and adequate.  The Settlement Amount is within the range of settlement values obtained in similar cases;

(f) At all times, the Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class; and,

(g) The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

7. The Plan of Allocation is finally approved as fair, reasonable, and adequate. Class Counsel shall direct distribution of the Net Settlement Fund in accordance with the Plan of Allocation and the Settlement Agreement.

8. The Court has approved the following releases as set forth in Sections 1.16, 1.34, 3.1, 3.2, and 3.3 of the Settlement Agreement:

(a) "Defendants' Released Claims" are any and all Claims of Defendants related to the institution or prosecution of the Action or relating to the settlement of any of Plaintiffs' Released Claims.

(b) "Plaintiffs' Released Claims" shall mean any and all Claims of any nature whatsoever, whether individual, representative, or derivative, by or on behalf of the Plan, the Named Plaintiffs, or the Settlement Class, including their respective heirs, beneficiaries, executors, administrators, Successors, and assigns that:  (a) were brought or could have been brought in the Action and arise out of the same or substantially similar facts, transactions, or occurrences as those alleged in the Action during the Settlement Class Period; and (b) were brought or could have been brought under ERISA based on or

6

relating to the investment of Plan assets in Fifth Third Stock by or through the Plan during the Settlement Class Period.

(c) <u>Named Plaintiffs, the Settlement Class, and the Plan's Releases</u>.  Upon the Effective Date, the Named Plaintiffs (or their Successors) shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge, and the Plan, and the Settlement Class shall, by operation of the Final Approval Order and Judgment, be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Plaintiffs' Released Persons from all of Plaintiffs' Released Claims.

(d) <u>Defendants' Releases</u>.  Upon the Effective Date, Defendants (or their Successors) shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge Defendants' Released Persons from all of Defendants' Released Claims.

(e) <u>Scope of Releases</u>.  The releases set forth in this section are not intended to include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein, except as expressly provided in the Settlement Agreement.

9. The Action is hereby dismissed without prejudice with a direction to the Clerk of the Court to enter final judgment pursuant to FED. R. CIV. P. 54(b), finding that there is no just reason for delay of enforcement or appeal of the instant Order.  The dismissal without prejudice is solely to allow the Court to supervise the administration of the Settlement.

10. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the

performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, Plan of Allocation, this Final Approval Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Awards to the Named Plaintiffs, and reimbursements of litigation costs, submitted pursuant to the Settlement Agreement.

11. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Approval Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before January 15, 2016, the day the agreement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

12. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Defendants have denied and continue to deny all of the claims and allegations made by Named Plaintiffs in the Action and specifically deny any liability, wrongful conduct, violation of law, or breach of duty of any kind.

13. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable.

14. This Final Approval Order and Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims

he, she, or it may have in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

IT IS SO ORDERED.

DATED: _____, 2016        _____
                                          Hon. Sandra S. Beckwith
                                          United States District Judge